[Sac. No. 176.   Department One.—May 22, 1897.]

GEORGE THRESHER ET AL., RESPONDENTS, v.
THOMAS A. ATCHISON ET AL., APPELLANTS.

CONSTITUTIONAL LAW—OBLIGATION OF CONTRACTS—EXECUTION SALE—RE-
DEMPTION—ACT REDUCING PERCENTAGE NOT RETROSPECTIVE.—The pro-
vision of law regulating the amount of percentage to be paid in order
to effect a redemption of land from a sale under execution in force at the
time of the sale forms an element in the purchase at the sale, and con-
stitutes a term in the contract under which the purchaser paid his money
to the officer.  The legislature has no power to impair the obligation of
such contract by diminishing such amount subsequently to the sale;
and the amendment of 1895 to section 702 of the Code of Civil Pro-
cedure, reducing the percentage to be paid upon a redemption from two
per cent to one per cent per month on the amount of the purchase until
the time of redemption, can have no retrospective operation upon a sale
made prior to its passage.

APPEAL from a judgment of the Superior Court of
Butte County.  JOHN C. GRAY, Judge.

The facts are stated in the opinion of the court.

*A. F. Jones,* for Appellants.

*John Gale,* for Respondents.

HARRISON, J.—By virtue of an order of sale issued
upon a judgment entered in the superior court for Butte
county for the foreclosure of a mortgage upon certain
lands, and their sale in satisfaction of the mortgage
debt, the defendant Atchison, who had been appointed
by the court a commissioner therefor, sold the lands
March 23, 1895, to his codefendant, Green, for the sum
of $8,000, and issued to him a certificate therefor.  Sep-
tember 22, 1895, the plaintiffs herein, who were entitled
to redeem the lands from said sale, tendered to the com-
missioner for that purpose the sum of $8,474.67.  The
commissioner refused to receive that amount in re-
demption thereof, and threatened to execute a convey-
ance of the lands to the purchaser, unless they should
be redeemed from the sale by the payment to him of
$8,949.35 before the time for redemption should expire.

The plaintiffs thereupon paid to the commissioner the sum demanded by him, under their protest that the amount was illegal and excessive to the extent of $474.68. The present action was brought to recover the last named amount, upon the ground that it was in excess of what the commissioner was authorized to demand. Judgment was rendered in favor of the plaintiffs for the sum of $296.95, from which the defendants appeal.

At the date of the sale it was provided by section 702 of the Code of Civil Procedure that a redemption from the sale might be made within six months by paying to the purchaser "the amount of his purchase, with two per cent per month thereon in addition up to the time of redemption," with any taxes or assessment that he might have paid after his purchase. By an amendment of this section passed March 27, 1895 (Stats. 1895, p. 225), and which went into effect sixty days thereafter, it was provided that the redemption might be effected by paying the amount of the purchase, "with one per cent per month thereon in addition up to the time of redemption," with whatever taxes and assessments might have been paid by the purchaser; and the question presented upon this appeal is the effect to be given to this amendment. The theory of plaintiffs, as shown by their complaint, is that the provisions of the amended section alone are to be considered, while the defendants contend that the section as it stood at the date of the sale determined the rights of the parties. The court held that the provisions of the original section prevailed until the amendatory section took effect, and that thereafter the amended section alone was to be considered.

It has been frequently held that a law extending the time within which a redemption may be made from a sale under a judgment will be inoperative upon a sale made prior to the passage of the act; that the purchaser at the sale acquires rights thereby of which he cannot be divested by subsequent legislation. Cooley, in his treatise on Constitutional Limitations, page 353, says: "A law is void which extends the time for the redemp-

tion of lands sold on execution, or for delinquent taxes after the sales have been made; for in such a case the contract with the purchaser, and for which he has paid his money, is that he shall have title at the time when provided by the law; and to extend the time for redemption is to alter the substance of the contract as much as would be the extension of the time for payment of a promissory note." Mr. Freeman, in his treatise on Executions, section 315, in discussing the effect upon the rights of the judgment debtor of a statute authorizing a redemption from a sale passed after the sale has been made, says: "But the right of the purchaser to a conveyance, or to repayment at the termination of the period allowed for redemption, is deemed to rest upon a contract which the legislature will not be permitted to impair. Hence, while the time for redemption may probably be shortened, it certainly cannot be prolonged by any law enacted after the sale." The same principles which render void an act extending the time for redemption after the sale has been made will render void an act reducing the amount of money required for a redemption from such sale. The sale by the sheriff is regarded as a sale by the judgment debtor (*Blood* v. *Light*, 38 Cal. 658); and the purchaser is entitled to rely upon the statutory provisions for redemption existing at the time of the sale to the same extent, and in the same manner, as if they were incorporated into a contract of sale executed by the debtor.

Section 700 of the Code of Civil Procedure declares that: "Upon a sale of real property, the purchaser is substituted to, and acquires, all the right, title, interest, and claim of the judgment debtor thereto," subject to redemption, as provided in the succeeding sections. Section 701 provides that property sold subject to redemption may be redeemed "in the manner hereinafter provided." At the time of the sale in question it was provided by section 702 that, in order to effect a redemption, the purchaser should be paid the amount

of the purchase, with two per cent per month until the time of redemption. This provision in the section formed an element in the purchase at the sale, and constituted a term in the contract under which the purchaser paid his money to the officer. At the time he made his purchase the statute provided that, at the expiration of six months thereafter, he should receive a conveyance of the land, unless it should, before that time, be redeemed from the sale by the payment to him of the amount of his purchase, with two per cent per month until the time of such payment. The legislature was as powerless to diminish the amount which he should receive as a redemption from the sale as it was to extend the time at which he should be entitled to a conveyance, and take possession of the land. It could with as much right authorize a redemption without requiring any payment beyond the amount of the purchase as it could reduce the amount then required to be paid. By his purchase, the defendant, Green, became vested with an interest in the land, of which he could be deprived only in the mode then fixed by the statute, and the plaintiffs were entitled to redeem the land from the sale only upon paying the amount of his purchase, with two per cent per month from the date of the sale until the time of redemption. As it appears from the complaint that that is the amount which the commissioner demanded, and which they paid for the purpose of redemption, the demurrer to the complaint should have been sustained.

The judgment is reversed, with directions to the superior court to sustain the demurrer to the complaint.

GAROUTTE, J., and VAN FLEET, J., concurred.