[Civ. No. 204.   Third Appellate District.—May 22, 1906.]

# WILLIAM YOUD and GEORGE YOUD, Appellants, v. GERMAN SAVINGS AND LOAN SOCIETY, Respondent.

FORECLOSURE OF MORTGAGE—SALE—REDEMPTION OF PARCEL—VOID OFFER BY OWNERS.—An offer by the owners of a small part of the lands sold under foreclosure of a mortgage to pay to the commissioner the amount which the mortgagee paid for that particular part of the land at the foreclosure sale, with interest thereon at the rate mentioned in the mortgage, without including taxes, costs or the amount due a prior redemptioner, or paying any money, and which was conditioned on the execution of the commissioner's deeds to them—even if it could be treated as a formal tender by persons entitled to redeem—did not conform to the requirements of sections 701-703 of the Code of Civil Procedure, and was wholly void.

ID.—ACTION TO QUIET TITLE—VALIDITY OF PRIOR REDEMPTION—RIGHTS OF CREDITORS NOT PARTIES.—In an action by the owner of such parcel to quiet title thereto, involving the validity of a prior redemption of the mortgaged property sold under foreclosure by a subsequent mortgagee of one of the original mortgagors, who were tenants in common, where it appears that the interest of such subsequent mortgagee was acquired long prior to the interest of plaintiffs in such parcel, the prior redemption must be deemed valid as to them. They are not concerned with, nor can this court pass upon, the rights of creditors of the cotenant mortgagor, not parties to such action, who might possibly object to the validity of such mortgage.

ID.—PLAINTIFFS NOT HELPED BY INVALIDITY OF REDEMPTION—RIGHTS OF ORIGINAL MORTGAGEE AS PURCHASER.—If the prior redemption was void, it could not help the plaintiffs as against the rights of the original mortgagee defendant, holding as purchaser at the sale, as well as assignee of the certificate of redemption. If the redemption was void as to the redemptioner, it was void *in toto*, and would not devest the title acquired by the original mortgagee as purchaser at the sale.

ID.—INVALIDITY OF ASSIGNMENT OF CERTIFICATE—PLAINTIFFS NOT BENEFICIARIES.—The plaintiffs having neither paid nor offered to pay the amount necessary for the redemption of the property to any person, can derive no benefit or title from the invalidity of the assignment of the certificate of prior redemption to the defendant, to which plaintiffs were strangers. They cannot become beneficiaries if the

certificate of redemption was improvidently issued or improperly assigned.

ID.—RECEPTION OF REDEMPTION MONEY BY DEFENDANT—ERROR NOT SHOWN—PRESUMPTION UPON APPEAL.—It is the duty of an appellant to show error affirmatively, and where the record upon appeal by the plaintiffs from a judgment in favor of the defendant does not show that defendant ever received the redemption money paid to the commissioner, such reception cannot be presumed. If the money was not received, the validity of the assignment of the certificate of redemption to defendant would be of no moment; and any intendment or presumption indulged must aid the conclusion of the trial court.

APPEAL from a judgment of the Superior Court of Merced County and from an order denying a new trial. Joseph H. Budd, Judge presiding.

The facts are stated in the opinion of the court.

J. W. Knox, for Appellants.

W. S. Goodfellow, and T. C. Law, for Respondent.

McLAUGHLIN, J.—Action to quiet title.

The court found against the plaintiffs on the vital issue, and the sufficiency of the evidence to support such finding is challenged by the appellants. All the parties to the action claim title under A. E. and Thomas Upton, who purchased the land from one Martin in 1881. The said owners mortgaged the land to respondent, and as a result of an action to foreclose such mortgage, the property was sold to respondent by a commissioner on July 10, 1897, for the sum of $30,-475, and a certificate of sale in due form was thereupon issued to the said purchaser. On December 18, 1897, T. C. Law, who held a mortgage on an undivided one-half of said land, executed and delivered to him by A. E. Upton on February 15, 1896, served a notice of redemption in proper form on the commissioner who made the sale under foreclosure, and at the same time paid to said commissioner the amount for which the land was sold, with two per cent per month thereon, and thereupon a certificate of redemption in due form was issued to him. After receiving such certificate, Law assigned the same to W. S. Goodfellow, who was the at-

torney for respondent in the foreclosure suit, and the latter thereafter assigned it to respondent. On February 18, 1898, the commissioner executed and delivered a deed to respondent, who claims title thereunder.

In January, 1890, Thomas Upton commenced an action to dissolve the partnership then existing between the owners of said realty. This action finally resulted in an agreement of compromise, containing the terms of a judgment which was duly entered on March 5, 1896. In such judgment it was decreed that the realty was purchased as partnership property, for use in the partnership business, but that the legal title thereto was conveyed to Thomas and A. E. Upton, as equal tenants in common thereof. This recital as to the title was followed by a paragraph wherein it was distinctly and positively adjudged that A. E. Upton was the owner of an undivided one-half of said realty, and that the estate of Thomas Upton, then deceased, owned the other undivided one-half. After decreeing that neither of the parties to said litigation had any claim against the other, A. E. Upton, who had possession of the real and personal property owned by said partnership, was directed to deliver such property to a receiver in the suit to dissolve the partnership and for an accounting. Meantime several attachments issued in suits against A. E. Upton, individually, and as surviving partner of the firm of A. E. and Thomas Upton, had been levied upon the property, and A. E. Upton, on March 13, 1896, was compelled to file his petition and schedule in insolvency. On October 9, 1897, the assignee in the insolvency proceedings and some of the creditors filed a petition in the action to dissolve the partnership, praying that said Deane, as receiver, be directed to sell "the equity of redemption belonging to said partnership of T. and A. E. Upton and to the estate of said A. E. Upton, an insolvent, in and to the land in controversy, subject to the mortgage lien of the German Savings and Loan Society."

Such order was duly made, and on December 18, 1897, the court confirmed the sale of the portion of the lands sold under foreclosure involved in this action, made by said receiver to appellants, reciting in said order of confirmation that the sale conferred upon appellants the right to redeem said land from the previous sale thereof to respondents in the

foreclosure suit.  On January 10, 1890, appellants served a written notice on the commissioner who had made the foreclosure sale, reciting their rights acquired by purchase from the receiver, and notifying him that the lien held by respondents had been fully paid and discharged; that Law was not a qualified redemptioner, and had no right to make such redemption.  The notice concluded with a formal demand that he, as commissioner in the foreclosure suit, execute and deliver to them ''a commissioner's deed to said land.''  No offer to pay any sum of money or tender of any kind was made when this notice was served, and no other notice or paper of any kind was served upon or delivered to the commissioner at that or any other time.  Appellants visited the commissioner at a later hour on the same day, and the circumstances under which such visit was made, as well as the substance of the inquiry, or offer then made, are gleaned from the testimony of appellants, construed, as it must be, in the light most favorable to the finding and judgment of the trial court.  It appears that they had not made any estimate or calculation of the amount of principal or interest due, or necessary to effect a redemption of the parcel of land claimed by them, which was but a small part of the lands sold to the respondent at the foreclosure sale.  They then had with them about $500 in cash, but had a check-book containing blank checks which they intended to fill out and sign if the commissioner consented to accept the offer they made.  Under these circumstances they offered to pay the amount which respondent paid for this particular part of the land at the foreclosure sale, with interest on said sum at the regular rate paid by the Uptons to respondent; that is to say, at the *rate mentioned in the mortgage,* if the commissioner would execute a commissioner's deed conveying that particular parcel of land to them.  This offer did not include anything for taxes, costs, or the amount due Law as a prior redemptioner, and it clearly appears that they did not intend to pay any money whatever unless they obtained the commissioner's deed, and that they neither paid nor offered to pay any specific amount of money, and never filled out or signed any checks.  The commissioner refused to execute and deliver a deed on the terms stated, but offered to accept the money and issue a receipt therefor.  The appellants, however, declined

to pay any money unless they received the commissioner's deed, and there the matter ended. That there was no sufficient tender is apparent, but if the mere offer or inquiry may be treated as a formal tender by one entitled to redeem, it is clear that such tender did not conform to the requirements of the law. (Code Civ. Proc., secs. 701-703.)

It is argued that as Law was not a qualified redemptioner, and hence acquired no rights by virtue of his redemption, his payment to the commissioner was a satisfaction of respondents' claim, which was thereby extinguished, leaving the title without cloud or flaw in appellants, who then held the equity of redemption. *Beamer* v. *Freeman,* 84 Cal. 554, [24 Pac. 169], is cited in support of the proposition that Law was not a qualified redemptioner, but we fail to see how any rule there announced can be applied here. His mortgage interest was acquired long before appellants had any claim to or interest in the property, and was, therefore, perfectly valid as to them. Such being the case, they are not concerned with, nor can this court pass upon, the rights of creditors not parties to this action who may perchance be in a position to assert that the mortgage was invalid. But taking the view most favorable to appellant, and conceding that the redemption by Law was utterly abortive, we are at a loss to understand how it could be impotent as to him, but potent to destroy the rights respondent acquired by virtue of its purchase at the foreclosure sale. If the certificate of redemption was void as to Law, it certainly was void *in toto.* It is well settled that a purchaser of real property at an execution sale acquires the legal title thereto, and equally well settled that such title can only be devested by a valid redemption. (Code Civ. Proc., sec. 700; *Pollard* v. *Harlow,* 138 Cal. 393, [71 Pac. 454, 648]; *Thresher* v. *Atchison,* 117 Cal. 75, [59 Am. St. Rep. 159, 48 Pac. 1020].) Hence, if no redemption was effected, the title remained in respondent, and if Law's redemption was effectual, the title passed to him. Viewed in any light or from any standpoint, it certainly did not vest in appellants, who neither redeemed nor made a valid offer to do so.

It is next contended that the assignment of the certificate of redemption by Goodfellow to respondent was void under section 574 of the Civil Code and section 9 and article XII of

the constitution.   Conceding without deciding that this contention is sound, the appellants can derive neither comfort nor title from the invalidity of an assignment to which they were strangers.   Appellants have neither paid nor offered to pay the amount necessary to effect a redemption of this property to respondent or anyone else, and we know of no law which makes them the beneficiaries if the certificate was improvidently issued or improperly assigned.

It nowhere appears that the respondent ever received the money paid by Law to the commissioner, and under the circumstances we can hardly indulge in any presumptions or inferences on this point.   It is the duty of an appellant to show error affirmatively, and for aught that appears in this record the respondent may have repudiated the redemption and refused to accept the redemption money from the commissioner.   If such was the case, the validity or invalidity of the assignment to respondent would be of no moment, and if any intendment or presumption is to be indulged, it must aid the conclusion of the trial court.

Respondent makes the point that the receiver in the proceeding to dissolve the partnership had no power to sell the equity of redemption or any other interest in this land, but we deem it unnecessary to pass upon the question thus presented.

The judgment and order are affirmed.

Buckles, J., and Chipman, P. J., concurred.