[Civ. No. 11023. First Appellate District, Division Two.—May 31, 1939.]

ERWIN D. WILLIS, Appellant, v. LEAH HOLBACK et al., Defendants; ANGIE AVERY, Respondent.

Russell W. Cantrell for Appellant.

Rea, Free & Jacka and Irvin A. Frasse for Respondent.

SPENCE, J.—Plaintiff brought this action to quiet title to certain real property situated in Santa Clara County. The trial court entered its judgment decreeing that plaintiff had no right, title or interest in said property and quieting title in defendant and cross-complainant Angie Avery, hereinafter called the defendant. Plaintiff appeals from said judgment.

The real property was originally owned by Leah Holback, who deeded said property to Katherine Girard. Defendant derived her title through conveyances from Katherine Girard to John Edward O'Brien and from said John Edward O'Brien to defendant. Plaintiff is a judgment creditor of Leah Holback, and subsequent to the time that Leah Holback conveyed to Katherine Girard, plaintiff twice sought to satisfy his judgment by levying execution on the right, title and interest of said Leah Holback in said property, claiming that said conveyance from Leah Holback to Katherine Girard was fraudulent.

After the first levy of execution in 1931, Katherine Girard brought an action to quiet title against this plaintiff and also against Leah Holback. This plaintiff there claimed that said deed from Leah Holback to Katherine Girard had not been delivered, that there had been no consideration therefor and that it was made to defraud this plaintiff as a creditor. The trial court in that action found against all of this plaintiff's claims. Judgment was entered therein in favor of Katherine Girard and said judgment was affirmed on appeal. (*Girard* v. *Holback*, 217 Cal. 785 [21 Pac. (2d) 420].)

A second levy of execution was made in March, 1935, and a sale was had thereunder. This plaintiff was the purchaser at said sale. This action was filed in 1936 and plaintiff claimed title under the sheriff's deed. The deed from John Edward O'Brien to defendant was recorded in 1935 and after the said execution sale had taken place.

Katherine Girard filed a disclaimer in this action and appeared as a witness for plaintiff. She related a rather amazing story which the trial court refused to believe. As stated in a memorandum opinion, the trial court said: ''Without

this testimony of Katherine Girard, there could be but one result of this case. The title of the cross-complainant, Avery, is direct and clear. . . . Frankly expressing itself, the Court does not believe her (Katherine Girard's) testimony. . . . This witness swore, but she did not swear credibly." The trial court then mentioned the previous action in which Katherine Girard had successfully asserted her title against this plaintiff and Leah Holback and then said, "Yet, on the trial of the present case, this witness would have the Court believe that she signed a blank deed, at the simple request of Leah Holback, without any argument or impulsion, without any consideration, and without any reason or purpose; that the official notarial certificate was fraudulent; that she never otherwise sold or disposed of the property; and that she does not now claim any interest therein. If her story of the O'Brien deed is true, she is still the owner of the property; and her disclaimer of any interest therein is inconsistent with her story. . . . In short, this Court is asked to believe that she is telling the truth now, because she was false in her previous actions. This the Court is unwilling to do." The trial court therefore made findings in favor of the defendant and entered its decree accordingly.

■ Plaintiff makes certain points relating to the claimed invalidity of the deed from Katherine Girard to John Edward O'Brien. These points need not be considered at length as they all assume the truth of the evidence of said Katherine Girard, which evidence was rejected by the trial court. Defendant's title was deraigned through deeds which appeared to be entirely regular and they were all duly recorded. All presumptions were in favor of the validity of said deeds. (*Barry* v. *Sutter*, 26 Cal. App. 377 [146 Pac. 527]; 9 Cal. Jur. 217, sec. 99; see, also, Code Civ. Proc., sec. 1963, subds. 1, 15, 19, 20, 39.) The most that can be said is that the evidence of Katherine Girard was in conflict with said presumptions but said presumptions remained as evidence and were sufficient to support the findings even though the evidence of said Katherine Girard may have been uncontradicted by other direct evidence. (*Smellie* v. *Southern Pac. Co.*, 212 Cal. 540 [299 Pac. 529].) ■ Furthermore, the burden of proof was on plaintiff who depended solely upon the evidence of said Katherine Girard. The trial court rejected her testimony and was justified in so doing. (*Davis*

v. *Judson,* 159 Cal. 121, 128 [113 Pac. 147] ; see, also, *Caldwell* v. *Weiner,* 203 Cal. 543 [264 Pac. 1100] ; *Bohn* v. *Gruver,* 111 Cal. App. 386 [295 Pac. 891].)

Plaintiff further contends that the findings are incomplete but we are of the opinion that the trial court's findings covered all of the material issues. The trial court found that plaintiff never had any right, title or interest in the property and that defendant was the sole and exclusive owner thereof. It was not necessary in this action to quiet title for the trial court to make detailed findings as to the validity of each conveyance in defendant's chain of title.

The judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.