[Civ. No. 15078. Second Dist., Div. Two. Feb. 1, 1946.]

Estate of LAVINIA ELEANOR CLARKE, Deceased. MARGARET LAVINIA WEBB, Respondent, v. CHARLES RICHARD CLARKE, Appellant.

L. G. Hayford, Noel Edwards and Clayton B. Thomas for Appellant.

A. A. Rotberg for Respondent.

WILSON, J.—This is an appeal from a judgment setting aside a deed from decedent to appellant, adjudging that the property described therein is the property of the estate, and directing appellant, as executor of the estate, to file an amended inventory which shall include said property.

Appellant and respondent are the surviving children of the decedent. Appellant claims title to the real property by reason of a deed of gift in his favor dated June 6, 1932, signed and acknowledged by decedent.

1. *The conflicting evidence.* ▆ The deed remained in the possession of decedent in her safe deposit box unknown to appellant for more than ten years. Appellant testified that on June 29, 1942, he and his mother visited the safe deposit box where she handed the deed to him and said she was deeding the property to him to compensate him for what he had done for her. The deed was returned to the box where

it remained until an undetermined date. There was evidence that decedent had said that the deed was made at a time when she owed her son money which he had expended for her, but that she had repaid the loan and did not want him to have the property to the exclusion of his sister, respondent; that the deed was missing from her possession; that she wanted a will drawn that would divide the estate equally between appellant and respondent; that later she had another will (her last) prepared, stating that she had repaid appellant and wanted her will changed. The cash bequest to appellant was omitted from the latter will.

Appellant testified that when the safe deposit box was opened by the inheritance tax examiner the deed of gift to him was in the box. The examiner testified that he made an inventory of the contents of the box, and that the deed of gift was not on his inventory. The absence of the deed from the examiner's inventory is significant, since an unrecorded deed from decedent would indicate that the property described therein was taxable in the proceedings to probate the estate. Other witnesses gave evidence of decedent's conduct from which it appeared that until her death she exercised dominion over the property and that appellant had no control of it until after decedent passed away.

Appellant relies on *Stewart* v. *Silva,* 192 Cal. 405, 409 [221 P. 191], where it is said that possession of a deed by the grantee is prima facie evidence of delivery. But, like any other prima facie evidence, it may be overcome by other evidence. In making its findings the court concluded that the prima facie showing had been overcome.

Since the evidence conflicted in many particulars it would be futile to state more than we have already outlined. The court found that the deed had never been delivered to appellant and that decedent was the owner of the property at the time of her death. There is an abundance of evidence to sustain the decision. Findings of fact made by the trial court on conflicting evidence cannot be reviewed or disturbed by an appellate court. (*Buckhantz* v. *R. G. Hamilton & Co.,* 71 Cal.App.2d 777, 779 [163 P.2d 756]; *Berger* v. *Steiner, ante,* pp. 208, 213 [164 P.2d 559]; *Estate of Isenberg,* 63 Cal.App.2d 214, 216 [146 P.2d 424].)

2. *Alleged errors in the admission of evidence.* ■ Error is asserted by appellant in the admission of evidence of dec-

larations made by the deceased grantor after the alleged delivery of the deed. Granting that such declarations would be inadmissible if it were certain that the deed had been delivered, yet here the delivery was the very question at issue. The only evidence of actual delivery was the uncorroborated testimony of the grantee. ■ The presumption of legal delivery created by evidence of the acknowledgment of the deed by the grantor and of its possession by the grantee is not conclusive. ■ Delivery involves more than the mere physical handing of the deed to the grantee, but the act of delivery must be accompanied with the intent that the deed shall become presently operative and that title shall pass immediately. (*Dinneen* v. *Younger*, 57 Cal.App.2d 200, 204 [134 P.2d 323], and cases cited on page 205.) ■ Where the issue is whether or not the grantor delivered the deed with the intent that it should convey title, declarations and acts of the grantor made and done either before or after the alleged delivery are admissible to show the grantor's intention. (*DeCou* v. *Howell*, 190 Cal. 741, 750 [214 P. 444]; *Horsman* v. *Maden*, 48 Cal.App.2d 635, 641 [120 P.2d 92].)

3. *The motion for new trial.* ■ Appellant made a motion for a new trial on the ground of newly discovered evidence and on grounds of error previously discussed in this opinion. The motion was properly denied. The alleged newly discovered evidence was merely cumulative and would not have removed the conflict already existing. There is no sufficient showing that the evidence could not with reasonable diligence have been produced at the trial.

Judgment and order affirmed.

Moore, P. J., and McComb, J., concurred.