[Civ. No. 3821.   Fourth Dist.   Nov. 18, 1948.]

AUGUSTA KUENZEL, Appellant, v. MAUDE A. GRET-
TENBERG et al., Respondents.

H. M. Lineman and Mab Copland Lineman for Appellant.

Guthrie, Lonergan & Jordan for Respondents.

GRIFFIN, J.—Plaintiff and appellant appealed from an adverse judgment in a suit to quiet title to certain property in San Bernardino County. She is the widow of Simon Kuenzel, who died in 1940. The acreage involved was taken up as a homestead. A patent was issued to that land in 1921. Under probate proceedings the property was set aside to the plaintiff widow on August 24, 1942. Defendant and respondent Maude A. Grettenberg set up a claim to an undivided one-half interest therein by virtue of a grant deed from plaintiff dated August 3, 1942, and recorded August 14, 1942. It should be here noted that the deed was made and recorded prior to the date and recordation of the order setting aside said property to the widow in the probate proceedings. The validity of this deed is the crucial issue in this case.

Plaintiff's contention is that she and the grantee executed the deed in an attorney's office and that it was not to be delivered to the grantee but was to be used only for the purpose of evidence before the Water Commission involving some water rights claimed by plaintiff and which also involved a purported water lease to be executed by the defendant.

Defendant Maude A. Grettenberg contends she knew nothing of this claim and argues that she had paid as consideration for the deed over $1,000, for the care of the property for several years, and of plaintiff Mrs. Kuenzel, who was blind; that she had also paid $42 for the probate fees in the estate, and agreed to jointly develop the entire property with plaintiff and to put in auto courts. She then testified that similar acreage on the desert could be bought for $1.00 per acre and that there were only 39 acres here involved; that a few days after the deed was executed she asked the attorney to mail

the deed to her and that he did so; and that she immediately recorded it. Plaintiff denies these facts.

The attorney testified that defendant Maude A. Grettenberg paid $42 to him as probate fees and it was his understanding as to the delivery of the deed that it was to go to the defendant, with title dependent only upon the decree assigning the estate to the plaintiff widow; that there was no ''condition attached to it as far as I know.''

Plaintiff argues that since the deed was given to a third person to hold until the happening of a contingency, it does not operate as a delivery to the grantee until the fulfillment of such condition, and delivery by the depositary, contrary to the direction of the grantor, does not pass title, citing *Estate of Clarke,* 72 Cal.App.2d 817 [165 P.2d 736]; *Gould* v. *Wise,* 97 Cal. 532 [32 P. 576, 33 P. 323]; *Bank of Healdsburg* v. *Bailhache,* 65 Cal. 327 [4 P. 106].

The trial court found in all respects in favor of defendant Maude A. Grettenberg; and specifically found that she was the owner of an undivided one-half interest in that real property particularly described and that her defendant husband had no interest therein. From these findings the court concluded that plaintiff take nothing by her complaint as to the defendant Maude A. Grettenberg. A decree was entered accordingly.

Plaintiff argues first that there is insufficient evidence to support the findings made; second, that there was no finding made on the material facts presented by the pleadings. ■ As we construe the contentions, plaintiff complains because the court found that the defendant was the owner of an undivided one-half interest in the property but failed to find that plaintiff was the owner of the remaining one-half interest. We see little merit to this argument. The original action was to quiet plaintiff's title to the whole as against this particular defendant. The effect of the finding was that as between these parties defendant was the owner of a one-half interest therein. Whether plaintiff was or is the owner of and entitled to the possession of the other one-half interest was not the question presented or attempted to be decided. The question of the defendant's rights in and to the property was and is determined. ■ A judgment in an action to quiet title is conclusive only upon the parties thereto and their privies in estate. (*Larkin* v. *Superior Court,* 171 Cal. 719 [154 P. 841, Ann.Cas. 1917D 670]; *McDonald* v. *McCoy,* 121 Cal. 55 [53 P. 421]; *Youd* v. *German Savings & Loan*

*Society*, 3 Cal.App. 706 [86 P. 991]; 22 Cal.Jur. §§ 62, 63, p. 195.) ▮ The finding that defendant has an undivided one-half interest in the property is supported by the evidence.

▮ Plaintiff introduced in evidence the patent by which her husband acquired title as well as the decree setting aside the entire estate to her. Plaintiff established a prima facie case of ownership. (*McPhail* v. *Nunes*, 48 Cal.App. 383, 386 [192 P. 95]; 22 Cal.Jur. § 49, p. 178.)

▮ The defendant introduced in evidence, without objection, her grant deed, which was duly recorded. Under the circumstances, the burden of proving nondelivery or conditional delivery was upon the plaintiff. (*Willis* v. *Holback*, 33 Cal.App.2d 145 [91 P.2d 140].) ▮ The conflict created by the evidence, as to the question of the delivery of the deed and consideration given therefor, was for the trial court to determine.

▮ The evidence shows that plaintiff became the owner of the property, subject to administration, on February 2, 1940, the date of the death of her husband. On August 3, 1942, she conveyed a one-half interest therein by grant deed to the defendant. The grant deed conveyed such interest. Section 1106 of the Civil Code provides that "Where a person purports by proper instrument to grant real property in fee simple, and subsequently acquires any title, or claim of title thereto, the same passes by operation of law to the grantee . . ." (See, also, Civ. Code, § 699; 9 Cal.Jur. § 143, p. 275.)

▮ The only other contention requiring consideration, as we construe it, is the argument that the trial court failed to make specific findings on the question whether there was or was not a conditional delivery of the deed, whether the consideration was sufficient, and what the intent of the grantor was at the time in relation to the entire transaction. The action was an ordinary action to quiet title. The defendant set up her claim of a one-half interest based upon the grant deed in evidence. The finding was that she was entitled to that one-half interest under the grant deed. This general finding covered the material issues as to whether or not the defendant was the sole and exclusive owner of an undivided one-half interest in the property. It was not necessary to make an additional finding as to the validity of the grant deed. (*Willis* v. *Holback, supra.*)

Judgment affirmed.

Barnard, P. J., and Mussell, J., concurred.