[Civ. No. 20988. Second Dist., Div. One. July 27, 1955.]

DONALD L. ROZELLE, Appellant, v. ELMER GUNN et al., Defendants; JAY FREDERICK et al., Respondents.

Donald L. Rozelle, in pro. per., for Appellant.

Guerin & Guerin and John J. Guerin for Respondents.

DORAN, J.—The complaint herein seeks to quiet title to certain real estate described as Lot 13 in Palmdale Colony Lands, with the exception of 3.94 acres not involved in this appeal. The land was purchased by plaintiff Rozelle from the State of California on August 20, 1945. A trial without jury resulting in findings that plaintiff was the owner of the described property "except the southwest quarter of said Lot 13," which latter portion was found to be owned by the defendants Jay Frederick and wife. Judgment was entered quieting title accordingly. Plaintiff now appeals from that

portion of the judgment which quiets title in the respondents Frederick to the southwest quarter of Lot 13.

The record discloses certain recorded conveyances constituting a chain of title under which respondents claim, and attacked by appellant as being invalid:

March 24, 1951. Grant deed from appellant Rozelle to W. H. Morris, covering Lot 13 as described in the complaint.

April 3, 1951. Grant deed from W. H. Morris and wife to Elmer Gunn and wife, conveying an undivided one-half interest in Lot 13.

June 2, 1951. Quitclaim deed from Elmer Gunn and wife to W. H. Morris and wife, of an undivided one-half interest in the Southwest Quarter of Lot 13.

October 15, 1951. Grant deed from W. H. Morris and wife to John V. Gosselin, of the Southwest Quarter of Lot 13.

October 15, 1951. Grant deed from John V. Gosselin to respondents Jay Frederick and wife, of the Southwest Quarter of Lot 13.

In respect to the deed of March 24, 1951, from Rozelle to Morris, mentioned above, appellant's brief recites that after making an agreement to sell the property to Morris, "Appellant commenced an action for rescission against said W. H. Morris, et al., on April 9, 1952 (*Rozelle* v. *Morris,* Sup. Ct. No. 597877) for breach of said agreement. On July 20, 1952, appellant and said W. H. Morris agreed to completely cancel and rescind their agreement of March 23, 1951, by the return of money and notes by appellant and by the delivery of the deed by said W. H. Morris to appellant conveying all the said land back to appellant and by both parties stipulating to dismiss said action." About September 1, 1952, appellant received a notice of foreclosure on the land, and then learned that the defendants herein claimed some interest, whereupon the present action was filed.

It is appellant's contention that the evidence is insufficient to support the findings in respondents' favor. In respect to this claim appellant says that "The only evidence of any document showing a severance of the Southwest Quarter of Lot 13 from the entire property prior to September 19, 1951, was a deed *form* signed by Elmer Gunn and his wife which did not bear the name of any grantee or the description of any property and was not acknowledged," citing Mr. Gunn's testimony to the effect that when signed, this deed was a mere blank form. In like manner appellant points to certain testimony that one Charles J. Gosselin signed the name of a

brother, John V. Gosselin, on the deed of October 15, 1951, to the respondents Frederick, and avers that since the deed was "forged," no title could be conveyed thereby. It is also claimed that John V. Gosselin never appeared before the notary whose certificate appears on the conveyance.

The rule is well settled that an appellant who charges that the evidence is not sufficient to sustain the trial court's determination must demonstrate that there is no substantial evidence to support the challenged findings. (*Richards* v. *Plumbe*, 116 Cal.App.2d 132 [253 P.2d 126].) Conflicts in the evidence will be construed as favorably as possible in support of the findings, and as said in *Murphy* v. *Ablow*, 123 Cal.App.2d 853, 858 [268 P.2d 80], "Unless it clearly appears that upon no hypothesis whatever is there substantial evidence to support a finding of the trier of fact, it cannot be set aside on appeal."

Applying these rules to the present case, it is apparent that the appellant has not demonstrated that there is no substantial evidence in support of the findings. As pointed out in respondent's brief, the record discloses three conveyances, duly recorded, which ultimately vest title to the southwest quarter of Lot 13 in the respondents Frederick. The situation is not basically different from that set forth in *Willis* v. *Holback*, 33 Cal.App.2d 145, 147 [91 P.2d 140], where the court said: "Defendant's title was deraigned through deeds which appeared to be entirely regular and they were all duly recorded. All presumptions were in favor of the validity of said deeds. . . . The most that can be said is that the evidence of Katherine Girard was in conflict with said presumptions but said presumptions remained as evidence to support the findings even though the testimony of said Katherine · Girard may have been uncontradicted by other direct evidence."

Moreover, as respondents aver, "even if the documents were forgeries, the effect of applying the rules of law to forged instruments would not result in the conclusion that the appellant was the owner of the southwest quarter. . . . Assuming the deed from Gunn to Morris was a forgery, the title to an undivided one-half interest in the southwest quarter would be in Gunn, and assuming that the deed from John V. Gosselin to respondents was a forgery, the title to the other undivided one-half interest would be in John V. Gosselin. Such clearly does not show title in the appellant. . . ."

All of which calls to mind the long established rule

clearly applicable in the instant case, that the plaintiff, in an action to quiet title, "must recover, if at all, on the strength of his own title and not upon the weakness of the defendant's claim." (*Tanner* v. *Title Ins. & Trust Co.*, 20 Cal.2d 814, 824 [129 P.2d 383].) ▮ The trial court in the present case heard the evidence and contentions of the parties, and came to the conclusion that the plaintiff had not sustained the burden of proving title to the southwest quarter of Lot 13. This, like the questions of forgery, nondelivery and invalidity of the conveyances, was a question of fact to be resolved by the trial court. ▮ Incidentally, it may be said that although Charles J. Gosselin took and conveyed the property in an assumed name, that of a brother, John V. Gosselin, this fact would not necessarily amount to forgery or affect the legality of the documents.

Appellant's contentions were reconsidered by the trial court on motion for a new trial, which motion was denied. ▮ Notwithstanding the fact that appellant is able to point out certain testimony tending to support the contentions made, this in nowise alters the rule that where the record discloses any substantial evidence in support of the findings, the trial court's decision must be sustained. That there is such evidence in the instant case cannot be doubted.

No reversible error either in the admission of the alleged forged instruments or in respect to any other matter connected with the trial, can be discovered. Nor can it be said that the trial court disregarded any testimony or otherwise deprived the appellant from having a fair and impartial trial.

The judgment is affirmed.

White, P. J., and Drapeau, J., concurred.

A petition for a rehearing was denied August 16, 1955, and appellant's petition for a hearing by the Supreme Court was denied September 21, 1955.