WILLIAM WILSON *et al.*

*v.*

SAMUEL WILSON *et al.*

*Filed at Springfield November 1, 1895.*

1. WITNESSES—*incompetency of defendants as against those suing as heirs.* Defendants who seek to disprove the title of a deceased person whose heirs are asserting such title as complainants in a bill for partition, are not competent witnesses.

2. DEEDS—*what is delivery of a deed—intention controls.* The mere placing of a deed in the hands of one of the grantor's three children, who were named as grantees therein, is not a delivery of the deed, unless it appears the grantor intended the deed to pass title at the time and that he should lose control over it.

3. SAME—*when deed must take effect.* A deed for an interest in land must take effect upon its execution and delivery, or not at all.

4. SAME—*acts held to rebut intention to deliver deed.* Merely making, acknowledging and handing to one of the grantor's three children, who were named as grantees therein, a deed of land, with direction

to keep it, and if the grantor never called for it to put it on record at his death, is not a delivery of the deed, where, with the knowledge and acquiescence of the grantees, the grantor afterwards paid taxes and made repairs on the property, collected and used all rents, mortgaged it, and once advertised it for sale.

5. SAME—*withdrawal of deed after manual delivery.* Mortgaging the land and offering it for sale, with other like acts of ownership, constitute a withdrawal of a deed placed in the hands of one of the grantees without an intention that it shall presently take effect.

6. SAME—*void if not to take effect until death of grantor.* A deed of land which is not to take effect until the death of the grantor is void, as being an attempt to make testamentary disposition of property without complying with the Statute of Wills.

APPEAL from the Circuit Court of McDonough county; the Hon. CHARLES J. SCOFIELD, Judge, presiding.

AGNEW & VOSE, for appellants:

To constitute a delivery of a deed the grantor must part with all power and dominion over it. *Bryan* v. *Wash*, 2 Gilm. 557; *Stinson* v. *Anderson*, 96 Ill. 373; *Byars* v. *Spencer*, 101 id. 429; *Bovee* v. *Hinde*, 135 id. 137; *Hayes* v. *Boylan*, 141 id. 400; *Oliver* v. *Oliver*, 149 id. 542; *Bank* v. *Beckees*, 1 Halst. Ch. 452; *Brown* v. *Brown*, 66 Me. 320; *Prutsman* v. *Baker*, 30 Wis. 644; *Doe* v. *Knight*, 5 B. & C. 687; *Cook* v. *Brown*, 34 N. H. 460.

Placing a deed in the hands of a grantee for some purpose other than to vest the immediate title in the grantee does not operate as a conveyance. *Bovee* v. *Hinde*, 135 Ill. 147; *Hayes* v. *Boylan*, 141 id. 400; *Prutsman* v. *Baker*, 30 Wis. 644; *Berry* v. *Anderson*, 22 Ind. 36; *Shurtleff* v. *Francis*, 118 Mass. 154; *Rhodes* v. *School Directors*, 30 Me. 110.

The question of delivery is something aside from the writing in an instrument. It depends upon proof by parol, and the evidence of delivery arising from possession by the grantee may be rebutted by parol. *Jordan* v. *Davis*, 108 Ill. 336; *Insurance Co.* v. *Campbell*, 95 id. 267.

The manifest intention of the parties should govern in all cases. *Bryan* v. *Wash*, 2 Gilm. 557; *Byars* v. *Spencer*, 101 Ill. 429; *Stinson* v. *Anderson*, 96 id. 373; *Bovee* v. *Hinde*,

135 id. 137; *Berry* v. *Anderson,* 22 Ind. 36; *Parker* v. *Dustin,* 2 Fost. 424; *Prutsman* v. *Baker,* 30 Wis. 644.

A party cannot make a deed for land, retain its custody, and have it operate as a conveyance only after his death. It takes effect at once or not at all. *Blackman* v. *Preston Bros.* 123 Ill. 381; *Cline* v. *Jones,* 111 id. 563.

A deed must be delivered during the lifetime of the grantor. *Wiggins* v. *Lusk,* 12 Ill. 132; 5 Am. & Eng. Ency. of Law, 446.

The grantee must accept a deed in order for it to convey title. *Moore* v. *Flynn,* 135 Ill. 74; *Jackson* v. *Dunlap,* 1 Johns. 114; *Jackson* v. *Phipps,* 12 id. 418.

Each grantee is a stranger to the others for the purpose of accepting a deed. *Hannah* v. *Swarner,* 8 Watts, 9.

If there are several grantees the deed must be delivered to each one. 5 Am. & Eng. Ency. of Law, 446, 447.

Where a deed is executed and left with the magistrate, to be delivered in the event of the death of the grantor, and the grantor afterwards mortgages the property, this will be equivalent to withdrawing the deed. *Stinson* v. *Anderson,* 96 Ill. 373.

SHERMAN & TUNNICLIFFS, for appellees:

Excluding all the testimony it was claimed was improperly admitted, there still remains enough to sustain the decree of the court. It will be presumed the court, on the hearing, considered only legitimate evidence, and excluded from its consideration all testimony not properly admissible. *Hudson* v. *Hadden,* 82 Ill. 265; *Hillyer* v. *Lewis,* 81 id. 264.

It is presumed that the decree is based upon the competent evidence alone, without regard to such as is improper or irrelevant. *Tunison* v. *Chamblin,* 88 Ill. 378.

We submit that appellee's evidence, when considered by itself, and particularly when aided by the presumptions that confront appellants, is clearly sufficient to sustain this decree. *Calvert* v. *Carpenter,* 96 Ill. 63; *Shevalier* v. *Shevalier,* 121 id. 564.

No particular form is essential to a delivery. It may be by acts without words or words without acts. Any acts or words which manifest an intention to consummate it are sufficient. *Bryan* v. *Wash*, 2 Gilm. 557; *Benneson* v. *Aiken*, 102 Ill. 284; Sheppard's Touchstone, 58.

When a deed is beneficial to the grantee, his acceptance will be presumed from the fact that the deed is for his benefit. It will be operative by a presumed assent until a dissent appears. *Rivard* v. *Walker*, 39 Ill. 413; *Dale* v. *Lincoln*, 62 id. 22.

It is not stating the law too broadly to say, that in all beneficial conveyances assent is presumed, because it is not likely one will disclaim a benefit. In determining the question of delivery in any case, the intention of the parties is the controlling element. *Gordon* v. *Adams*, 127 Ill. 223.

Where a deed is found in possession of grantee it is presumed to have been duly delivered, and this presumption can be overcome only by clear and convincing evidence. *Tunison* v. *Chamblin*, 88 Ill. 378; *McCann* v. *Atherton*, 106 id. 31; *Griffin* v. *Griffin*, 125 id. 430; *Reed* v. *Douthitt*, 62 id. 348; *Smiley* v. *Fries*, 104 id. 416.

Especially does this presumption prevail when the deed is duly acknowledged and recorded. *Warren* v. *Jacksonville*, 15 Ill. 236; *Walton* v. *Burton*, 107 id. 54.

This is so even when the deed is recorded by the grantee after the grantor's death. The burden is on the grantor, or those claiming as his heirs, to destroy the presumption by clear and positive proof. *Reed* v. *Douthitt*, 62 Ill. 348.

Less strictness is required in cases of voluntary settlement than in ordinary cases of bargain and sale. Family settlements are aided by stronger presumptions than other conveyances. *Walker* v. *Walker*, 42 Ill. 311; *Reed* v. *Douthitt*, 62 id. 348; *Bryan* v. *Wash*, 2 Gilm. 557; *Williams* v. *Williams*, 148 Ill. 426; *Cline* v. *Jones*, 111 id. 563.

Even when the deed is intentionally retained by the grantor until his death, it being intended as a voluntary settlement upon his son, it has the force of a valid deed conveying the fee. *Reed* v. *Douthitt*, 62 Ill. 348.

Statements by the grantor expressing satisfaction with the disposition of the property in controversy, or showing that the grantor intended to convey, or that he had already conveyed, are sufficient to show delivery. *Gunnell* v. *Cockerill*, 79 Ill. 79; *Hill* v. *Hill*, 119 id. 242; *Winterbottom* v. *Patterson*, 152 id. 334.

Delivery of a deed to one of two grantees therein is a sufficient delivery to both. *Moss* v. *Riddle*, 5 Cranch, 351.

In order to operate as an escrow the delivery must be to a stranger, otherwise the deed will become absolute at law. *McCann* v. *Atherton*, 106 Ill. 31.

If the delivery is made to the party, no matter what may be the form of the words, the delivery is absolute, and the deed takes effect presently, discharged of the conditions upon which the delivery was made. 3 Washburn on Real Prop. (4th ed.) 584; *Stevenson* v. *Crapnell*, 114 Ill. 19; *Neeley* v. *Lewis*, 5 Gilm. 31; 1 Devlin on Deeds, 314; *Weber* v. *Christen*, 121 Ill. 91.

Mr. JUSTICE BAKER delivered the opinion of the court:

William Wilson and others filed their bill, and afterwards their amended bill, against Samuel Wilson and others, to set aside a deed to and for partition of certain lands described in the bill, derived from a common ancestor, Samuel Wilson, who is referred to in the record as "Col. Wilson." The bill named one O. F. Piper, also, as a party defendant. The defendants answered, Piper filing a separate answer, claiming liens on the land in controversy represented by two different mortgages. He also filed his cross-bill praying foreclosure of the same. Upon a hearing had before the chancellor, upon the amended and cross-bills, answers, replications, exhibits and proofs, a decree was entered dismissing the com-

plainants' bill and amendment thereto for want of equity, and ordering foreclosure of the mortgages in accordance with the prayer of the cross-bill. To reverse that decree the complainants prosecute this appeal.

No question is made of the justice of that part of the decree foreclosing the mortgages held by O. F. Piper. The complaint is that the court below erred in not-decreeing partition of the lands in controversy in accordance with the prayer of the original and amended bills, and the "bone of contention" is a deed made by Col. Wilson purporting to convey said lands to three of his children, Lizzie Elson, Ed and Samuel Wilson, defendants herein, and claimed by them to have been delivered. Complainants deny that the deed was ever delivered, and upon the question of delivery rests the decision of this case.

The undisputed facts in the case are, that on September 2, 1889, Col. Wilson was the owner of a large farm situated in McDonough county; that on said day he made and acknowledged a deed, purporting to be an absolute and unconditional conveyance of said land, to the defendants Lizzie, Ed and Samuel, and shortly thereafter handed the same to said Lizzie, in whose possession it has remained ever since; that said deed was never recorded until the day following the death of the grantor, who died intestate November 30, 1893, and left surviving him the complainants, and the defendants Lizzie, Ed and Samuel, his only heirs-at-law.

At the hearing a large number of witnesses were examined, most of whom were put upon the stand for the purpose of disproving, on the one side, and on the other of establishing, the fact of delivery of the deed in controversy. Lizzie Elson and Samuel Wilson were permitted to testify, over the objection of complainants. This was error. Complainants sue as the heirs of their deceased father, whose title is here disputed, and the defendants, seeking to disprove such title, were therefore

not competent witnesses.     *Hayes* v. *Boylan*, 141 Ill. 400; *Comer* v. *Comer*, 119 id. 170.

Disregarding such of the testimony as was incompetent, a clear preponderance of the evidence shows that Col. Wilson always treated the land in question as his own, as well subsequently as prior to the alleged delivery of the said deed.     The land remained on record as his until after his death, up to which time he paid the taxes thereon with his own money.     At different times subsequent to said alleged delivery he made repairs on the premises, leased the land to tenants, collected the rents for his own use, advertised the land for sale in a public newspaper, and on March 1, 1890, made and delivered to O. F. Piper a mortgage deed thereon to secure a loan of $500.     All of those acts were done with the knowledge and acquiescence of the defendants.     The evidence further shows that one of said leases was drawn up by defendant Samuel Wilson, and signed by him as agent for his father, who was named therein as owner and lessor. The defendants always spoke of the land as their father's, and so treated it.     In a replevin suit wherein Col. Wilson was plaintiff, tried in September, 1891, Samuel Wilson swore that this land belonged to his father, and that he and his brother Ed were their father's tenants.     There also appears in evidence the following letter written by defendant Lizzie Elson, and mailed by her to complainant Alice M. Tuck:

"PEORIA, ILL., *Feb. 28, 1894.*

"DEAR ALICE—Your letter was received to-day noon. * * * I have had that deed in my possession for some time.     Father gave it to me, and told me to keep it, and if he never called for it, which he never did, that at his death I must have it put on record.     He saw the deed shortly before he went down to Jim's.     He was well then, and it was still his desire that I should keep the deed. It is not likely he would change his mind in so short a time.     * * *                                    LIZZIE."

Such a state of facts is not at all consistent with the claim that Col. Wilson delivered this deed to the defendants.    The mere placing of the deed in the hands of one of the grantees did not, of itself, necessarily constitute a delivery.    In such a case the inquiry is, what was the intention of the parties at the time?—and that intention, when ascertained, must govern.    (*Jordan* v. *Davis*, 108 Ill. 336; *Bovee* v. *Hinde*, 135 id. 137; *Oliver* v. *Oliver*, 149 id. 542.)· It seems clear that this deed was placed by her father in the hands of Lizzie Elson with the mutual understanding that if he, at any time, desired to withdraw it she should return it to him, but that "if· he never called for it" she should, at his death, have it recorded.    In other words, there was no intention, at the time, to convey a present absolute title to the defendants, but the intention was that the deed should take effect at the grantor's death and vest the title in the defendants, provided he died without having recalled the deed.    This was in no sense an attempt to deliver to the grantees in escrow, as contended by counsel for the defendants, but was merely a transfer of the possession of the deed to one of the grantees, the grantor at the time, however, reserving a future control over it.    To constitute delivery of a deed it must clearly appear that it was the intention of the grantor that the deed should pass the title at the time, and that he should lose all control over it.    A deed for an interest in land must take effect upon its execution and delivery, or not at all.    *Bovee* v. *Hinde, supra; Cline* v. *Jones*, 111 Ill. 563; *Stinson* v. *Anderson*, 96 id. 373.

We think the mortgaging of the land by Col. Wilson subsequently to his placing the deed in the custody of Lizzie Elson, his offering the land for sale, and exercising the other acts of ownership over it heretofore mentioned, were sufficient to constitute a withdrawal of the deed.    (*Stinson* v. *Anderson, supra.*)    But even if they were not, the deed is nevertheless void, for it was not to take effect until the death of the grantor.    That was an at-

tempt to make a testamentary disposition of property without complying with the Statute of Wills.   *Cline* v. *Jones, supra.*

The circuit court erred in dismissing the complainants' original and amended bills.   The decree is therefore reversed, and the cause remanded to that court with directions to enter a decree in accordance with the prayer of said bills.

*Reversed and remanded.*