(December 5, 1908.)

ROD D. LEGGAT, T. STEWART WHITE and J. D. LACEY, Respondents, v. ALFRED BLOMBERG, Appellant.

[98 Pac. 723.]

FINDINGS—SUFFICIENCY—CONCLUSIONS OF LAW.

    1. Findings should be statements only of the ultimate facts in controversy, and not necessarily of the probative facts, as the finding of the ultimate facts includes the finding of all probative facts necessary to sustain the finding of the ultimate facts.

    2. Findings, therefore, which find upon all the ultimate facts in issue, are sufficient, although the probative facts may not be stated in the findings.

    3. Conclusions of fact and law examined and held sufficient.

    4. *Held,* that the evidence in this case supports the findings and the judgment.

(Syllabus by the court.)

APPEAL from the District Court of the Second Judicial District, for Nez Perce County. Hon. Edgar C. Steele, Judge.

An action for partition. Judgment for plaintiffs. Defendant appeals. *Affirmed.*

Fred E. Butler, for Appellant.

John O. Bender, for Respondents.

Counsel cite no authorities on points decided.

STEWART, J.—This action is brought under the provisions of sec. 4560, Rev. Stat., for the partition of certain mining claims located in the county of Idaho. The complaint alleges that the plaintiffs and defendant owned and are in possession as tenants in common of certain unpatented mining claims, and prayed for a decree of partition thereof. The defendant answered and denied that the plaintiffs had any title or interest in the claims described in the complaint, and as a further and separate defense alleged that the cause of action set forth in plaintiffs' complaint arose out of contract made and entered into by the plaintiffs and the defendant, by the terms of which defendant agreed to execute a conveyance to plaintiffs and to place the same in escrow, conveying an undivided three-fourths interest in and to the said mining ground; that in consideration of the execution of such conveyance the plaintiffs agreed to do certain work and expend certain moneys upon said property in the development of the same; that in pursuance of said agreement the defendant executed said conveyance and placed the same in escrow; that the plaintiffs, although requested, refused to perform said work or expend the amount of money, agreed to be by them expended, except the sum of $4,770.65, and that by reason of plaintiffs' failure to keep and perform their part of said agreement the defendant has been damaged in the sum of $20,529.35, for which judgment was demanded. The defendant also filed a cross-complaint, or what is denominated a cross-

complaint, consisting of two causes of action. The first alleges that the defendant, or cross-complainant, executed a deed of conveyance to plaintiffs by the terms of which he agreed to convey an undivided three-fourths interest in the property described in the complaint; that said conveyance was executed and placed in escrow in the Traders' National Bank, Spokane, Washington; that according to the escrow agreement the conveyance was to be delivered to plaintiffs upon the happening of certain conditions precedent to be performed by said plaintiffs; that plaintiffs failed to perform said conditions and, in violation of the escrow agreement, fraudulently and without right or authority secured said deed of conveyance and filed the same for record, and that the same is now a cloud upon the defendant's title to the said mining claims.

The second cause of action, set forth in the cross-complaint, alleges that the cross-complainant at his own expense performed the annual assessment work on said claims for the year 1905, and expended in so doing the sum of $600, and, in pursuance of the laws of the United States, notice was given for thirteen successive weeks by publication in the "Elk City Mining News," notifying the plaintiffs that if they failed to contribute their respective portion of the expenditure within ninety days after such notice, the interest would be forfeited and should become the property of the cross-complainant; that said plaintiffs failed and refused to contribute their portion of the expenditure for the annual assessment work for the year 1905, and by reason of which cross-plaintiff alleges that he is exclusive owner of said premises. An answer to the cross-complaint was filed which admits the execution of the deed alleged in the cross-complaint, and its deposit in escrow, denies that the plaintiffs failed to perform their part of said agreement or the agreement upon which said deed was to be held in escrow; denies that the plaintiffs fraudulently or without right secured said deed of conveyance, but admits that said deed was filed in the recorder's office. As a further defense to  the first cause of action plead in the cross-complaint, the plaintiffs allege that they expended the sum of $7,000 on said property, and have performed each and every

part of said escrow agreement; for a further answer plaintiffs allege that they performed their share of the annual assessment work on said claims for the year 1905 in the amount of $450 and filed the affidavit proving said work.

The cause was tried to the court and findings of fact were made in substance as follows: That the plaintiffs and defendant are cotenants, and own, hold and are in possession as tenants in common of the property described in the complaint; that each of the plaintiffs is the owner and holder of an undivided one-fourth interest, and the defendant is the owner and holder of an undivided one-fourth interest; that it was stipulated and agreed during the trial that the issue made by the affirmative answer, claiming damages, should be tried at some future time by a jury, and that it would not be determined or passed upon by the court; that the cross-plaintiff executed a deed of conveyance by the terms of which he agreed to convey an undivided three-fourths interest in and to said mining claims to said cross-defendants, and according to said agreement said conveyance was placed in escrow in the Traders' National Bank at Spokane, Washington; that by said agreement the cross-defendants were to furnish money necessary to develop said group of claims, not to exceed the aggregate sum of $10,000, and the cross-plaintiff was to commence and perform certain work; that the cross-plaintiff voluntarily discontinued the work on said claims without the fault of the cross-defendants, and with the consent of said cross-plaintiff said cross-defendants secured said deed from said escrow and placed the same on record; that the cross-defendants performed all of the agreements contained in said escrow agreement to be by them performed in order to entitle them to said deed in escrow; and that said cross-plaintiff received a good and valuable consideration for said conveyance; that for the year 1904 the parties contributed equally their portion for the annual labor necessary and required to be done on said mining claims for said year, and said defendant recognized the right and interest of the plaintiffs to said mining claims at all times after 1903; that during and for the year 1905 the plaintiffs performed annual labor on said min-

ing claims, by performing certain work thereon which was reasonably worth the sum of $450, and said defendant performed certain work which was reasonably worth $150; that the plaintiffs fully performed the amount of annual assessment work upon said mining claims for the year 1905, and that the defendant wrongfully published a notice of alleged failure to perform work, and wrongfully attempted to advertise said plaintiffs out of their rights to said mining claims; that each and every of the allegations contained in the plaintiffs' complaint and in their answer to said cross-complaint are found to be true and sustained by the evidence. As conclusions of law the court found that the plaintiffs, and each of them, are the owners of an undivided one-fourth interest in and to the mining claims described in the complaint and that the defendant, Alfred Blomberg, is the owner of an undivided one-fourth interest in and to said mining claims, and that said parties are now, and were at the commencement of this action, cotenants and in possession of said mining claims; that the notice published by the defendant, for the purpose of advertising said plaintiffs out of their rights to said mining claims, is, and the same is declared to be, void and of no force or effect; that the mining claims cannot be partitioned, and they are ordered to be sold. Upon these findings the court entered an interlocutory decree in accordance therewith and ordered said property sold. A motion for new trial was made by the defendant, appellant here, and was denied. This appeal is from the interlocutory decree and the order overruling the motion for a new trial.

It is contended by counsel for appellant that the trial court erred in not finding, first, what the real consideration was for the deed from Blomberg to plaintiffs; second, what the escrow agreement was, and what conditions precedent were to be performed by the plaintiffs to entitle them to the deed; third, whether Blomberg ever delivered the deed to the plaintiffs.

Whether it was necessary to find upon these particular matters depends upon the issues presented by the pleadings. The complaint alleged that the respondents and appellant were cotenants, owning, holding and in possession as tenants in common of the mining claims described in the complaint,

each owning an undivided one-fourth interest. The answer denied the allegations of the complaint, and alleged that a contract was entered into between the respondents and appellant whereby the appellant agreed to convey to the respondents certain mining claims, and as a consideration therefor the respondents agreed to perform certain work and expend certain moneys upon said claims; that a deed of conveyance was executed and deposited in escrow which was afterward delivered to respondents by consent of appellant.

The appellant, as a further and separate answer, alleged that he and respondents were tenants in common in and to said mining claims, during the year 1905, and that the respondents failed to perform their share of the assessment work upon said claims, and because of such default, he advertised them out under the laws of the United States. The issue, then, presented by the complaint and answer was, did the plaintiffs acquire an interest in and to the property described in the complaint, and were they tenants in common and in possession of said property at the date the action was commenced? This depends, first, upon whether the respondents performed their part of the agreement under which the deed was executed, and whether the deed was delivered in accordance with the escrow agreement; second, did plaintiffs forfeit their title to said property by failing to perform the annual assessment work for the year 1905, and did defendant acquire such interest by advertising plaintiffs out under the laws of the United States? From an examination of the findings made by the trial court, we think it clearly appears that the particular points suggested and argued by counsel were probative facts and covered by the findings made by the trial court. This court has held that the finding of ultimate facts includes the finding of all probative facts necessary to sustain the finding of the ultimate facts. (*Later v. Haywood,* 14 Ida. 45, 93 Pac. 374; *Hamilton v. Spokane etc. R. R. Co.,* 3 Ida. 164, 28 Pac. 408.) It now seems to be well settled that findings should be statements only of the ultimate facts in controversy, and not of the probative facts, although findings of probative facts where the ultimate facts necessarily resulted from them have been held sufficient. (*Southern Pa-*

cific R. R. Co. v. Whitaker, 109 Cal. 268, 41 Pac. 1083.)  An examination of the findings made by the trial court discloses that the court did find the ultimate facts.  This was sufficient.  The court found the making of the contract, set forth in the answer, that the plaintiffs had performed all their part of said contract; that the deed from defendant to plaintiffs was delivered to the plaintiffs by consent and agreement of the parties.  We think these findings fully cover the contention made by the appellant as to what the agreement was, what the conditions to be performed by the plaintiffs were, to entitle them to the deed, and that the deed was delivered.

Appellant next assigns as error the conclusions of law made by the trial court.  The trial court concluded as a matter of law that the plaintiffs, and each of them, were the owners of an undivided one-fourth interest in and to the mining claims, and that the defendant was the owner of an undivided one-fourth interest in and to said mining claims; that said parties are now and were at the commencement of this action, and ever since some time in May, 1903, cotenants and in possession of said mining claims.  This conclusion of law naturally arises from the findings of fact that the court made.  The court next concludes, as a matter of law, that the published notice by the defendant, for the purpose of advertising said plaintiffs out of their rights in and to said mining claims, is and was void and of no force or effect.  This conclusion of law is clearly authorized by the findings of fact.  The court found as a fact that the plaintiffs contributed $450, their share, and expended the same upon the annual assessment work upon said claims for the year 1905.  If this be true, then the defendant certainly had no right or authority and could not advertise the plaintiffs out under the statutes of the United States.  (Rev. Stat., sec. 2324.)  The conclusions of law were sufficient and were fully justified by the findings of fact.

Appellant next assigns as error a number of particulars in which it is claimed the evidence is insufficient to justify the findings.  We have carefully examined the evidence in this case and are satisfied that it supports the findings.  It appears from the evidence that the plaintiffs and the defendant

entered into a certain contract, by which the defendant executed a deed to plaintiffs and placed the same in escrow to be delivered to plaintiffs upon their performing certain work upon the mining claims described in the complaint. It appears that work was performed and that the deed was delivered to the plaintiffs after the time specified in the contract when it should be delivered. If there was a delivery of the deed, the title passed to the plaintiffs, and they would become the owners as tenants in common with the defendant of said property, and remain so unless they forfeited their interest by failure to perform the annual assessment work for the year 1905. It appears, also, that plaintiffs performed their share of the annual assessment work on said claims for the year 1905. It would make this opinion unnecessarily long for the court to consider the evidence to any greater extent, but from a careful examination of the same, we are satisfied it clearly supports the findings of the court in every particular.

It is next argued that the court committed error in admitting the deed from defendant to plaintiffs in evidence over defendant's objections. An examination of this deed shows that there is nothing on its face which in any way controls or makes conditional its delivery. All the facts, with reference to the delivery of the deed, are facts arising out of a contract of escrow, and the question of the delivery of the deed became one of proof. It was competent to admit the deed in evidence for the purpose of showing that title passed from the defendant to plaintiffs if a delivery of said deed was made. There was no error in admitting the same in evidence. Other errors are assigned in the overruling of objections made by counsel for the defendant to certain questions propounded by counsel for plaintiffs to certain witnesses. We have examined these several questions and find no error. It could serve no purpose for the court to discuss each of these questions separately. From a careful examination of this case, we are satisfied that the trial court committed no error and that justice has been done. Judgment *affirmed.* Costs awarded to respondents.

Ailshie, C. J., and Sullivan, J., concur.