(March 11, 1913.)

J. D. BROWN, M. A. BROWN and S. F. HORN, Respondents, v. GEORGE GRUBB et al., Appellants.

[130 Pac. 1073.]

EVIDENCE—SUFFICIENCY.

1.   *Held,* in this case, that the evidence supports the finding of the court and the judgment.

2.   A witness will not be permitted to testify to *ante-mortem* statements made by a deceased person to said witness about a transaction that transpired between the deceased and a second party, where the second party is claiming an appropriation of water from a stream as against a third party who is also claiming an appropriation from the same stream which was made prior to the time the second party claims to have made his appropriation, for two reasons: First, that it is hearsay; second, for the reason that the statement relates to a matter which is not involved in the controversy submitted to this court under the finding made by the trial court.

APPEAL from the District Court of the Sixth Judicial District for Lemhi County.   Hon. J. M. Stevens, Judge.

An action to determine the priority and to quiet title to water.   *Affirmed.*

E. W. Whitcomb and A. C. Cherry, for Appellants.

The *ante-mortem* statements of J. B. Morrow should have been admitted. There was no apparent interest to deceive. (2 Wigmore on Evidence, par. 1576.)

F. J. Cowen, for Respondent.

The trial court took the view that the preponderance of the testimony was in favor of the respondent Horn, and the finding was made that his right should date from June 1, 1891. This finding should not be disturbed. (*Buckle v. McConaghy,* 12 Ida. 733, 88 Pac. 100; *Heckman v. Espey,* 12 Ida. 755, 88 Pac. 80; *Robertson v. Moore,* 10 Ida. 115, 77 Pac. 218; *Parke v. Boulware,* 9 Ida. 225, 73 Pac. 19; *Stuart v. Hauser,* 9 Ida. 53, 72 Pac. 719; *Pine v. Callahan,* 8 Ida. 684, 71 Pac. 473.)

The appellants ask this court to predicate error in the refusal of the lower court to admit the *ante-mortem* statements of J. B. Morrow and on the refusal of the lower court to allow them to prove general neighborhood gossip and current understanding with reference to this matter. Neither of the offers came within any of the well-known exceptions to the rule.

The fact that the author of the hearsay statement is dead, or cannot be found, does not affect the rule. (6 Ency. of Ev. 448.)

STEWART, J.—This is an action to quiet title to eighty inches or one and three-fifths cubic inches per second of time of the waters of Morse creek, diverted and appropriated and used by the plaintiff Horn, and also certain waters appropriated by John D. Brown and M. A. Brown, and to have the rights of the plaintiff Horn declared prior in time and superior to the rights and claims of the defendants and each of them. The defendants answered and plead their respective rights to water appropriated from Morse creek. When the cause was called for trial, the parties all agreed as to the decree that should be entered except as to the date of the

appropriation of the plaintiff S. F. Horn, and a decree was prepared and entered accordingly fixing and determining the rights of the respective parties, including the plaintiffs John D. Brown and M. A. Brown, and likewise S. F. Horn and all the defendants, describing the amount of water allowed to each of the parties and the priorities of each of the parties, and all questions except as to the date of the water appropriated by the plaintiff Horn. The appeal is from the judgment.

Counsel for appellants and respondents have entered into a stipulation and filed the same in this court that two questions are to be relied upon and discussed and decided upon this appeal, and this court in considering this appeal will limit such consideration to the questions specified in the stipulation: First, that the trial court erred in making the following finding: "That on or about the 1st day of June, 1891, the predecessors in interest of said plaintiff S. F. Horn, for the purpose of irrigating the said lands of S. F. Horn, appropriated of the waters of the said Morse Creek, forty-five inches of water . . . . and by means of dams and ditches of sufficient size to convey the same, diverted a sufficient amount of water from said stream to flow the said amount to and upon the said lands, and since their said appropriation and diversion, said plaintiff and his said predecessors in interest, have continued to use the said water thereon"; second, that the court erred in refusing to allow the defendants upon the trial of said cause to prove the *ante-mortem* statements of J. B. Morrow, and also in refusing to allow the defendants to prove their ownership in the Morrow ditch by showing the general and current understanding in the neighborhood before the death of Morrow. As a part of this stipulation the appellants contend that the right of Horn, as stated in the finding, should date from the time he first used water through the Campbell ditch in 1904 and not from 1891.

We have carefully gone over the evidence, and find that there is evidence which tends to support both sides upon this contention. To recite the evidence and draw distinctions as to the weight in favor of or against either contention would

unnecessarily encumber the reports. The trial judge heard the evidence in this case, he saw the witnesses and was in a better position than this court to judge the credibility of the witnesses, and there being evidence to support the finding of the lower court, this court will not reverse the case on the ground that the same is not supported by the evidence.

Upon the second question as to the refusal of the court to allow the defendants to prove the *ante-mortem* statements of Morrow and show the title to the Morrow ditch by general and current understanding, this was properly refused by the trial court for two reasons: First, that the evidence is hearsay; second, for the reason that the title to the Morrow ditch is not involved in the question of fact submitted to this court under the stipulation, inasmuch as the finding made by the trial court, which is recited above, makes no finding whatever with reference to the Morrow ditch or the title thereto, neither is there any provision in the judgment which determines the ownership or the right to use the Morrow ditch.

The judgment, therefore, is *affirmed.* Costs awarded to respondents.

Ailshie, C. J., and Sullivan, J., concur.