(No. 5698.   September 30, 1931.)

DAN McCARTHY, Respondent, v. JESSE HARROP and
   FRANK B. HARROP, as Executors of the Estate of
   SAMUEL HARROP, Deceased, Appellants.

[3 Pac. (2d) 458.]

Crowley & Crowley and Harry Holden, for Appellants.

Wm. P. Hemminger and C. A. Bandel, for Respondent and Cross-appellant.

LEE, C. J.—Suit by plaintiff and respondent, Dan Mc-Carthy, against Frank and Jesse Harrop, as executors, defendants and appellants, to recover on a promissory note executed and delivered plaintiff by the decedent, Samuel Harrop. In defense, appellants plead both lack and failure of consideration. A jury trial terminated with a judgment in appellants' favor; and, respondent having moved for a new trial on divers grounds, the court granted his motion upon two of the grounds specified, expressly overruling all the others. Both sides appealed.

The two grounds as recited by the court were:

"That the court erred in admitting evidence of the dying declaration of Samuel Harrop, deceased, to the effect that he stated to the witnesses so testifying that he did not owe any debts except one real estate mortgage. Also that the court erred in admitting the testimony of Annie A. Harrop and Frank B. Harrop on the question of consideration for the reason that said testimony is and was hearsay."

Except as part of the *res gestae*, dying declarations are not admissible in civil cases. (*Brown v. Grubb*, 23 Ida. 537, 130 Pac. 1073.) Practically on all-fours with the instant case is that of *Pettiford v. Mayo*, 117 N. C. 27, 23 S. E. 252. Evidence of such declaration was admitted over respondent's objection but thereafter on cross-examination respondent, himself, brought out the same matter, thereby curing the error and estopping himself from complaining of it. This, however, does not affect a trial court's right to grant a new trial when he thinks the admission of incompetent evidence has worked a miscarriage of justice. Insisting that a contrary rule prevails in this jurisdiction, respondent cites the following excerpt from *Wilson v. Vogler*, 10 Ida. 599, 606, 79 Pac. 508. where the court, commenting upon certain evidence, said:

"That evidence was clearly incompetent: it was purely hearsay, and the court erred in admitting it. After it was admitted, simply because counsel for the appellant cross-questioned the witness did not cure the error or make it complete."

An examination of the record in that case shows that the language of the court was intended to apply to a situation entirely different from that presented here. There, defendant's counsel, on cross-examination, asked the plaintiff if he did not say to one, Griffin, "that he did not want the Lucerne seed and that all he wanted was to cinch Vogler." Plaintiff's answer was a positive denial. On redirect, he was asked by his counsel to relate what he did in fact say. To the detailed conversation, defendant's counsel both objected and interposed a motion to strike, but, as to the matter related, he cross-questioned not at all. Adverse counsel was not contending that the error of admitting incompetent evidence had been cured by a later elicitation of it on cross-examination but that, inasmuch as the cross-examiner had sought by innuendo to establish a prejudicial conversation, the plaintiff had the right to state what the conversation actually was, quite a horse of another color.

One of appellants' main contentions is that "It was error for the Court to rule that it erred in admitting the evidence of Anna A. Harrop and Frank B. Harrop after it had stricken all the testimony of both witnesses." The evidence referred to is that on the question of consideration: they claimed there was none. Now, if *all* their evidence was stricken, what remained to support the verdict? Notwithstanding this specification, appellants later argue that much of this evidence was never stricken but remained in the record. Be that as it may, the record shows that the witness, Anna Harrop, was asked the question, "Do you know of anything that he received from Dan McCarthy for this note?" The witness answered: "No, sir," and the following colloquy ensued:

"Mr. Bandel: Now, if your honor please, we object to that last question—

"Mr. Crowley: No hearsay about that.

"Mr. Hemminger: We move to strike the answer to the last question.

"The Court: The answer to the last question may stand, but the previous answers to which the motion is directed may be stricken."

The former answers were to the effect that the witness was basing her testimony upon her "acquaintance" with the decedent's affairs. Also, Frank Harrop testified as follows:

"Mr. Crowley: How do you know, Mr. Harrop, whether or not your father received anything for this note?

"Witness: On account of my being interested in this transaction.

"Q. Did any transaction of that sort, during that period of time, ever occur, involving $2500, that you were not made acquainted with?

"A. No, sir.

"Q. That is, of your father's business?

"A. No, sir.

"Q. And, if your father had received $2500 in money or $2500 in property or other value, would you have known it?

"A. Yes, sir.

"Q. Did he receive anything that you know of from Dan McCarthy?

"Mr. Bandel: Just a minute, if the Court please. We object to that for the same reason. No proper foundation has been laid for the introduction of evidence of that character; calling for a conclusion of the witness is a further objection.

"The Court: He may answer.

"The Witness: No, sir."

Such general testimony as the foregoing was incompetent to establish so definite a fact as consideration or the lack

thereof. Its admission was error and constituted, of itself, sufficient ground for a new trial.

Respondent appeals from the court's refusal to grant him a new trial upon the grounds overruled. Inasmuch as he already has been granted a new trial, we would not feel called upon to consider what is now in effect a moot question save for the fact that the same question might again be presented here upon a second appeal. The court refused to give respondent's requested instruction:

"You are instructed, gentlemen of the jury, that one of the defenses in this case is a want or lack of consideration for the note sued upon. This action is based upon what is commonly called a negotiable instrument. A negotiable instrument is of itself presumptive evidence of consideration, and the burden of showing want or lack of consideration to support such negotiable instrument lies with the defendants who now seek to avoid it."

and gave the following instead:

"When the maker of a promissory note pleads want or failure of consideration, plaintiff, payee, may recover in absence of evidence in support of such plea. But, if the defendant give evidence tending to show want or failure of consideration, the burden is on the plaintiff to show by a fair preponderance of evidence upon the whole case that there was consideration. So, in this case, if you find from the evidence that the defendants have produced evidence tending to show want or failure of consideration, for the note sued upon, then the burden of proof is upon plaintiff to show by a fair preponderance of evidence upon the whole case that there was a consideration, and if you find from the evidence that the plaintiff has failed to do this, then your verdict will be for the defendants.

"On the other hand, if you find by a preponderance of the evidence that there was a consideration for said note, which has not failed, then your verdict will be for the plaintiff."

The requested instruction was a correct statement of the law and should have been given. The law of the instruction given has been directly condemned by this court in *First Nat. Bank v. Doschades*, 47 Ida. 661, 65 A. L. R. 900, 279 Pac. 416.

Order affirmed. Costs to be divided equally between the parties.

Budge, Givens, Varian and McNaughton, JJ., concur.