(No. 6729. April 29, 1940.)

IDAHO LUMBER & HARDWARE COMPANY, a Corporation, Respondents, v. JOHN DIGIACOMO and CAROLINE DIGIACOMO, His Wife, Appellants.

[102 Pac. (2d) 637.]

B. A. McDevitt, for Appellants.

F. M. Bistline, for Respondent.

BUDGE, J.—This action is one to foreclose a materialman's lien. The material facts are substantially: Appellant John DiGiacomo, on or about July 15, 1937, called at respondent's place of business for the purpose of securing a contractor to remodel his house. At respondent's suggestion one Newbold, and later, one Moore, both carpenters, called upon DiGiacomo, examined the dwelling and thereafter Moore submitted an estimate of the cost of remodeling. Thereafter Moore and Newbold called at respondent's place of business and had a contract drafted which was then submitted to Di-Giacomo, some changes made therein as to the contract price, and the contract was signed by DiGiacomo and Moore. During the course of remodeling several additional changes and alterations were made under oral contracts between Moore and DiGiacomo. Respondent furnished the material to be used in remodeling the dwelling. The work did not progress satis-

factorily to DiGiacomo, a disagreement arose, DiGiacomo refusing to make further payments, resulting in the work not being completed. An action in the usual form to foreclose its lien for material furnished and unpaid for was instituted by respondent. To the complaint appellants filed an answer and also sought affirmative relief. The cause was tried before the court without a jury and judgment was had for respondent, from which judgment this appeal is prosecuted.

Appellants rely upon six assignments of error of which only those necessary to a determination of the cause will be discussed.

Assignment of error number II is predicated upon the insufficiency of the evidence to sustain the findings and judgment for the following reasons:

First it is urged that the evidence fails to show that the materials were used upon appellant DiGiacomo's premises. There is no merit in this contention for the reason that it is only necessary that the materials be furnished, to be used, in the construction, alteration or repair of the building and it is not necessary to show that the materials were used in and upon the premises. Section 44–501, I. C. A., provides:

"Every person performing labor upon, or furnishing materials *to be used* in the construction, alteration or repair . . . . has a lien upon the same for the . . . . materials furnished."

"The essential fact is: Was the material furnished or the labor performed, and if so, was it furnished or performed in the manner and under the terms and conditions designated by the statute? If so, the party is entitled to a lien as a matter of law." (*Mine etc. Co. v. Idaho etc. Mines Co.*, 20 Ida. 300, 118 Pac. 301.)

See, also, *Chamberlain v. City of Lewiston*, 23 Ida. 154, 129 Pac. 1069. There is sufficient competent evidence to sustain the court's finding that the materials were furnished to be used in appellants' dwelling.

Secondly it is urged the evidence affirmatively shows that respondent corporation was the actual principal and as such failed to complete the contract and is not. entitled to the benefits of the lien laws, and assignment number VI urges that the court erred in finding a contract existed between E. J.

Moore and DiGiacomo because the proof shows respondent corporation was the real party in interest. The court found:

"That on or about the third day of August, 1937, plaintiff began to furnish and deliver building material to be used in the repair and alteration of a dwelling house, . . . . at the special instance of E. J. Moore. . . . . "

and:

"that the said defendants John Digiacomo and Caroline Digiacomo contracted with the defendant E. J. Moore to make repairs and alterations on the dwelling house and said premises."

■ The contract under which the work was performed, Plaintiff's Exhibit A, makes no mention of respondent but was entered into solely between E. J. Moore and John Di-Giacomo. There is likewise other evidence to the effect that respondent was not the principal and that Moore was not the agent of respondent but was an original contractor. Although the evidence may have been conflicting there was substantial evidence supporting the findings and conclusions and decree in this respect and the same cannot be disturbed. (*Harp v. Stonebraker*, 57 Ida. 434, 65 Pac. (2d) 766; *Bachman v. Reynolds Irr. Dist.*, 56 Ida. 507, 55 Pac. (2d) 1314; *Mitchell v. Atwood*, 55 Ida. 772, 47 Pac. (2d) 680; *Intermountain Assn. v. H. N. Hallstrom Coal Co.*, 53 Ida. 151, 22 Pac. (2d) 686; *Portland C. L. Co. v. Hansen L. & F. Co.*, 43 Ida. 343, 251 Pac. 1051; *Clinton v. Utah Const. Co.*, 40 Ida. 659, 237 Pac. 427; *Smith v. Faris-Kesl Const. Co.*, 27 Ida. 407, 150 Pac. 25; *Brown v. Grubb*, 23 Ida. 537, 130 Pac. 1073.)

■ It is next contended by appellants "that the evidence shows that the payments made by respondent corporation were misapplied by it." It may be conceded that the evidence is conflicting upon this point. From the record it appears that the amounts paid were handled through respondent, two accounts being set up, one for labor and the other for materials. John DiGiacomo paid $200 upon two different occasions, upon Moore's demand, to respondent, which $400 was placed in the labor account and paid out to laborers at the instance of Moore and upon the pay-roll furnished respondent by Moore. It is appellant's contention that this $400 should have been applied upon the materials account.

The court found in this connection that there was due and owing to respondent the amount claimed in its lien and that no part thereof had been paid, thereby in effect finding that the $400 had been properly paid out for labor. There is evidence that respondent acted as the agent of Moore in paying out the $400 to laborers who worked on the DiGiacomo dwelling. It is clear from the record respondent did not furnish the labor since it was not the original contractor and furnished materials only to the original contractor. The well-known rule that where there is sufficient competent evidence to support the court's findings, although there be a conflict, the findings will not be disturbed on appeal, is applicable. (Authorities, *supra.*)

It is finally urged under appellants' second assignment that the evidence showed that respondent was able to collect from E. J. Moore, the original contractor, and failed so to do. This contention cannot be sustained. Under the provisions of section 44–501, I. C. A., an absolute lien is granted upon the property to persons who furnish material to be used in building or improving the structure:

"Every person . . . . furnishing material to be used in the construction, alteration or repair of any . . . . structure . . . . has a lien upon the same for the materials furnished, whether done or furnished at the instance of the owner of the building or other improvement or his agent; . . . . and every contractor . . . . shall be held to be the agent of the owner for the purposes of this chapter:" (*Hill v. Twin Falls Salmon River Land & C. Co.,* 22 Ida. 274, 125 Pac. 204; *McGill v. McAdoo,* 35 Ida. 283, 206 Pac. 1057; *Boise Payette Lbr. Co. v. Weaver,* 40 Ida. 516, 234 Pac. 150.) Section 44–515, I. C. A., gives the materialman the further right to maintain a personal action to recover such debt against the person liable therefor. Further, the provisions of section 44–511, I. C. A., entitles the owner, compelled to pay a judgment on a lien, to deduct that amount from what he owes the original contractor, or if he has paid in excess of that which he owed the contractor, he is entitled to the right to recover such excess so paid from the original contractor "and for which such contractor was originally the party liable." From these provisions it is obvious the legislature did not contemplate that

the materialman should first seek payment from the original contractor.

Under assignment of error number V appellants contend the court erred in finding the whole of the real estate described in the complaint was necessary for the convenient use and occupation of said dwelling house, there being no evidence whatsoever to support such finding. The record discloses the complaint contained an allegation to such effect and that the answer denied the same. Appellants are correct in this contention. The record discloses no evidence as to the amount of land necessary for the convenient use and occupation of the dwelling for which the materials were furnished to be used. It therefore becomes necessary under the holding of this court in *Dybvig v. Willis*, 59 Ida. 160, 82 Pac. (2d) 95, that the cause be remanded with instructions to the trial court to take evidence on the question as to the amount of land required for the convenient use and occupation of the DiGiacomo residence, make appropriate findings, and enter judgment accordingly.

Costs awarded to appellants.

Ailshie, C. J., and Givens, Morgan and Holden, JJ., concur.

Petition for rehearing denied.