199 P.2d 264

### CRENSHAW v. CRENSHAW et al.

### No. 7445.

Supreme Court of Idaho.

Nov. 1, 1948.

472

Alvin Denman, of Idaho Falls, for respondents.

A. A. Merrill, of Idaho Falls, for appellant.

HYATT, Justice.

Appellant Howard H. Crenshaw, a son of Sarah A. Crenshaw, who died July 22, 1947, brought this suit against her administrator and other heirs, to quiet in himself title to certain real property in Idaho Falls. The administrator and heirs by answer denied appellant's alleged ownership of and rights in the property and claimed ownership in her heirs, subject to the rights of of the administrator.

Trial was had on the issues joined with resulting findings for defendants and a de-

cree adjudging that plaintiff and defendant heirs were the owners of the property by inheritance from the deceased, subject to the rights of the administrator. From such decree this appeal is taken.

A determination of this controversy hinged largely upon the delivery or non-delivery of a certain quitclaim deed signed and acknowledged by the decedent on July 12, 1945, in which appellant was named as grantee. The trial court found there was no delivery of the deed in question.

Appellant's pertinent assignments of error may be summarized as follows:

(1) The court erred in striking the testimony of appellant as to all matters of fact which occurred before the death of Sarah A. Crenshaw.

(2) The court erred in admitting, over appellant's objection, evidence of statements made by Sarah A. Crenshaw concerning the deed and the property which were received by the court on the issue of delivery.

(3) The findings and decree are not supported by, but are contrary to, the evidence in that not only was delivery established, but decedent was shown to be the holder of mere legal title with appellant at all times the actual, beneficial and equitable owner of the property.

(4) The court erred in not making more complete findings.

A brief summary of the evidence is as follows:

Appellant testified that he contracted to purchase the property in question which then consisted of vacant lots; that he paid for the same in installments and for materials which went into a small house which he constructed thereon and into which the decedent, his mother, later moved; that when the purchase price was fully paid, he had his vendors convey the property direct to his mother so she would have a place to live; that thereafter, on July 12, 1945, she deeded the property back to him by quitclaim deed prepared that day by a Mr. Johnson in the latter's office; that his mother then and there stated she was having this done so appellant would get the place at her death; that when they got home she handed him the deed; that he had the deed in his possession from 1945 to 1947 and then put it with other papers in his strong box, from which he inferred the defendant, G. L. Crenshaw, had taken the same; that he asked G. L. Crenshaw for his papers and G. L. Crenshaw replied "nothing doing"; that he never recorded the deed for fear his creditors would take the property and his mother would have no place to live.

O. L. Crenshaw, a nephew of appellant, testified that decedent told him on two occasions she had deeded the place back to appellant, and that he had seen the deed in appellant's possession.

S. T. Johnson who drew up the deed and who was called as a witness by appellant, testified that decedent told him at the time of such drafting that she was

going to hold the deed until a contemplated house was built and completed on the property and appellant paid for the building and the lots; that she further stated she was going to put the deed away with her other papers; that appellant would get the place after he built the house and paid off the indebtedness on the property, at which time she would give him the deed; that decedent had given him (Johnson) a mortgage on the property for various loans he had made to her to improve the place, and which mortgage decedent paid.

Agnes Moncrief, another witness for appellant, testified she was present when decedent gave the deed to appellant on July 12, 1945, and decedent at the time stated she "got it fixed so he could get it when she died"; that decedent made it clear she wanted appellant to have the property when she died; that she stated this many times in conversations with the witness but she intended to keep the property for herself until she died.

On behalf of respondents, the evidence shows the decedent was living on the property at the time of her death in a house thereon built by the eldest son, G. L. Crenshaw; that the deed in question was found shortly after her death by G. L. Crenshaw and another brother, with her other papers in a folder which she kept between the mattresses on her bed; that decedent had paid most, if not all, of the purchase price of the lots and the materials going into the improvements; that prior to his mother's death, in various conversations with G. L. Crenshaw about the property and particularly when appellant wanted to erect a commercial garage thereon, appellant never mentioned having a deed to the property.

G. L. Crenshaw testified that he never took any papers from appellant's possession; that the decedent in various conversations had stated she wanted to fix matters so appellant would get the property when and if he met his obligations and repaid the money which she had put into the property; that she instructed him to deliver the papers after her death to appellant and after appellant had paid the bills against the property; that on one occasion, in the presence of appellant, decedent stated she assumed the responsibility for paying off the contract of purchase and had given appellant the money he used for the down payment and other payments he had made on the property; that during this conversation appellant remained silent and made no reply.

It is unnecessary for us to consider appellant's first assignment of error which involves the applicability of Chapter 12, 1947 laws, for assuming, but not admitting or deciding, he was a competent witness as to matters of fact occurring before his mother's death, we are of the opinion in view of all the evidence, including that of appellant, the trial court was correct in finding and concluding that there was no

delivery of the deed during the decedent's lifetime and appellant had no interest in the property other than as an heir.

The inference can be drawn from certain parts of appellant's evidence alone that his mother did not intend the property should be his until her death and it was never her intention to part with ownership of the property, or that the deed should be effective, during her lifetime.

■ Statements contained in the evidence of a party constitute informal judicial admissions on his part which are accorded the quality of prima facie proof and for purposes of the action must be taken as true. Van Meter v. Zumwalt, 35 Idaho 235, at page 241, 206 P. 507.

■ Before a deed can operate as a valid transfer of title, there must be a delivery of the instrument and it must be effected during the life of the grantor. Weuster v. Folin, 60 Kan. 334, 56 P. 490. See also Gonzaga University v. Masini, 42 Idaho 660, 249 P. 93.

"The mere placing of a deed in the hands of the grantee does not necessarily constitute a delivery. The question is one of intention whether the deed was then intended by the parties to take effect according to its terms". Weigand v. Rutschke, 253 Ill. 260, 97 N.E. 641, 642.

■■ It has been said that placing custody of a deed with the grantee named therein with the understanding that it is not to be effective until death is not such delivery as will pass title. Wilson v. Wilson, 158 Ill. 567, 41 N.E. 1007, 49 Am.St. Rep. 176. Such is merely an attempt to make a testamentary disposition of property without complying with statutes regarding wills.

"The intention of the parties, particularly the grantor, is an essential and controlling element of delivery of a deed. It has been called 'the essence of delivery' and * * * is often the determining factor among other facts and circumstances * * *. * * * it is essential to the delivery of a deed that there be a giving of the deed by the grantor and a receiving of it by the grantee, with a mutual intention to pass title from the one to the other". 16 Am.Jur. 501, 502. See also Gonzaga University v. Masini, supra.

In Flynn v. Flynn, 17 Idaho 147, at page 160, 104 P. 1030, 1034, this court said:

"It is held that the real test of the delivery of a deed is this: Did the grantor by his acts or words, or both, intend to divest himself of title? If so, the deed is delivered. 9 Am. & Eng. Ency. of Law, p. 154.

"In Doty v. Barker, [78 Kan. 636], 97 P. 964, the court said:

" 'What constitutes a sufficient delivery is largely a matter of intention, and the usual test is: Did the grantor, by his acts or words, or both manifest an intention to make the instrument his deed, and thereby divest himself of title?' * * *

476

"In Creveling v. Banta, 138 Iowa, 47, 115 N.W. 598, the court said:

" 'The issue as to whether an instrument has been delivered is one of fact, and primarily dependent on the intention of the grantor.' * * *

"In Criswell v. Criswell, 138 Iowa, 607, 116 N.W. 713, the court said:

" 'The authorities are in accord that the whole question of the delivery of deeds is one of intent, and that such intent may be gathered from the circumstances surrounding the transaction as well as from direct and positive proof, and we need cite no cases in support of the rule.' "

In Bowers v. Cottrell, 15 Idaho 221, 96 P. 936, 938, this court reviewed numerous authorities on what constitutes delivery of a deed, stating by quotations therefrom, that "the question of delivery is one of intention," that "a delivery is complete when there is an intention manifested on the part of the grantor to make the instrument his deed," and that "delivery includes surrender and acceptance, and both are necessary to its completion."

"Intention to part with title is indispensable—that is the factor that gives vitality to the delivery." Dinneen v. Younger, 57 Cal.App.2d 200, 134 P.2d 323, 326.

■■ The trial court committed no error in admitting evidence of the statements and conduct of Sarah A. Crenshaw before and after the making of the deed in question, in as much as the essential thing to be determined was whether the deed was ever delivered. The general rule applicable here has been stated in Whitlow v. Durst, 20 Cal.2d 523, 127 P.2d 530, 531, as follows:

"When intent is a material element of a disputed fact, declarations of a decedent made after as well as before an alleged act that indicate the intent with which he performed the act are admissible in evidence as an exception to the hearsay rule, and it is immaterial that such declarations are self-serving. Thus, in cases involving the delivery of deeds, declarations of the alleged grantor made before and after the making of the deed are admissible upon the issue of delivery, and it is immaterial that such declarations are in the interest of the party producing them." (Citing cases.)

The supreme court of Utah, in Mower v. Mower, 64 Utah 260, 228 P. 911, at page 914, has stated the rule as follows:

" * * * Since delivery is essentially a matter of intent, which intent is to be arrived at from all the facts and surrounding circumstances, we believe the better rule is to include in those facts and circumstances declarations of the grantor both before and after the date of the deed, at least where it appears that the declarations are made fairly and in the ordinary course of life, and not in apparent anticipation of controversy or litigation with reference to the matter discussed, and in the absence of any evidence of bad faith, fraud, or misrepresentation. * * *."

See also Stanley v. Stanley, 97 Utah 520, 94 P.2d 465; Thompson v. Steinkamp, Mont., 187 P.2d 1018.

In Re Clarke's Estate, 72 Cal.App.2d 817, 165 P.2d 736, 738, the court said:

"Error is asserted by appellant in the admission of evidence of declarations made by the deceased grantor after the alleged delivery of the deed. Granting that such declarations would be inadmissible if it were certain that the deed had been delivered, yet here the delivery was the very question at issue. The only evidence of actual delivery was the uncorroborated testimony of the grantee. The presumption of legal delivery created by evidence of the acknowledgment of the deed by the grantor and of its possession by the grantee is not conclusive. Delivery involves more than the mere physical handing of the deed to the grantee, but the act of delivery must be accompanied with the intent that the deed shall become presently operative and that title shall pass immediately. Dinneen v. Younger, 57 Cal.App.2d 200, 204, 134 P.2d 323, and cases cited on pages 205 and 326, respectively. Where the issue is whether or not the grantor delivered the deed with the intent that it should convey title, declarations and acts of the grantor made and done either before or after the alleged delivery are admissible to show the grantor's intention."

The question of delivery was committed to the trial court for its determination. It had the opportunity to observe the witnesses and their demeanor upon the stand. It was at liberty to believe the testimony of the witnesses that the deed was found among the decedent's personal papers after her death and was justified in concluding that such fact, together with others, demonstrated there was never a delivery of the deed by the decedent in her lifetime. Likewise it was justified in finding and concluding from the evidence that decedent was not the holder of title for the benefit of the appellant.

The appellate court cannot inquire into the credibility of witnesses, since that is a matter resting with the trier of the facts. Patrick v. Bisbee, 52 Idaho 369, 15 P.2d 730. And all reasonable inferences drawn by the trier of facts from the evidence will be sustained on review. Smith v. University of Idaho, 67 Idaho 22, 170 P.2d 404. Where there is sufficient competent evidence to support the trial court's findings, such findings will not be disturbed on appeal although there is conflict in the evidence. Idaho Lumber & Hardware Co. v. DiGiacomo, 61 Idaho 383, 102 P.2d 637; Jones v. Adams, 67 Idaho 402, 182 P.2d 963.

Appellant by his final assignment of error complains of the district court not making findings on certain evidentiary matters. The court found on the ultimate facts. More particular findings in this case would serve no useful purpose. The material issues were ownership of the property and delivery of the deed, and the

478

court having found contrary to appellant on these matters, upon substantial and competent evidence, error, if any, in failing to make any further or more detailed findings is harmless. Ultimate facts and not probative facts are required to be found. McCarty v. Sauer, 64 Idaho 748, at page 755, 136 P.2d 742; Leggat v. Blomberg, 15 Idaho 496, 98 P. 723.

Finding no error, the decree of the trial court is affirmed, with costs to respondents.

GIVENS, C. J., HOLDEN, J., and BAKER, District Judge, concur.

MILLER, J., sat but did not participate in the decision.